## Gish and Henzey's Appeal.

One owing debts contracted prior to the Act of 26th April 1850, allowing the widow and children of an insolvent decedent to retain property to the value of $300 for their own use, and also owing debts contracted subsequently to the passage of that act, died insolvent; his widow claimed the benefit of the Act of 1850, which was opposed by the first class of creditors and disallowed by the court; and a balance of less than $300 was found to be in the hands of the administrator for distribution : *Held,* that the creditors whose·debts were contracted prior to the Act of 1850, were entitled to the whole of the fund, to the exclusion of those whose debts were contracted subsequently.

Smith's Appeal, 11 *Harris* 310, approved.

[Gish and Henzey's Appeal.]

APPEAL from the Orphans' Court of *Huntingdon county*.

This was an appeal by Gish & Henzey, from the decree of the Orphans' Court, distributing the personal estate of Jacob Numer, deceased, in the hands of A. Grim, his administrator.

Jacob Numer died intestate and insolvent, in September 1855, indebted to Gish & Henzey, in a judgment obtained to November Term 1854, for a debt contracted prior to the Act of 9th April 1849, and to other creditors, whose debts were subsequently contracted.

Letters of administration on his estate were granted to A. Grim, who, at the request of the widow, had appraised and set apart for her use, under the Act of 26th April 1850, property valued at $299.97, and filed an inventory thereof, which was submitted for the approval of the Orphans' Court. The approval of this appraisement was afterwards, on the application of Gish & Henzey, stricken off, and the matter held under advisement.

When the case was called up for the final action of the court, the inventory, upon a search in the office of the clerk of the Orphans' Court, could not be found. Whereupon, the court said that as the appraisement and inventory had not received their approval, by virtue of which alone the widow could retain the property, no further decree was necessary; and the subject was thus dismissed.

On a settlement of the administration account, there was found to be in the hands of the administrator for distribution, after payment of expenses, and of the claims entitled to preference under the Act of 1834, a balance of $141.68. This was claimed by the appellants as applicable to the payment of their debt, which exceeded the whole fund in amount. The subsequent creditors also claimed, that it should be distributed *pro rata* among all the creditors.

The court below decreed that all the creditors should come in for a rateable proportion of the fund; and from that decree this appeal was taken by Gish & Henzey.

*Blair*, for the appellants, cited Smith's Appeal, 11 *Harris* 310; Harleman *v.* Buck, 6 *Casey* 267; Beaver *v.* Beaver, 11 *Harris* 167; Light *v.* Leininger, 8 *Barr* 403.

*Mattern*, for the appellees, cited Davis's Estate, 1 *Phila. R.* 360; Young's Estate, *Id.* 403; Bosler's Administrators *v.* Exchange Bank, 4 *Barr* 34; Scott *v.* Ramsay, 1 *Binn.* 221; Cramond *v.* Bank of U. S., *Id.* 69; Prevost *v.* Nicholls, 4 *Yeates* 487; Leiper *v.* Levis, 15 *S. & R.* 113; Turner *v.* Hauser, 1 *Watts* 423.

The opinion of the court was delivered by

PORTER, J.—The record sheds an imperfect light on the facts

[Gish and Henzey's Appeal.]

of the case. From what is said, on both sides, of the lost inventory, and from the short minute of the court's action, the widow seems to have prevailed over the younger creditors. Certainly she would have prevailed over them, but for the action of the appellants, who came in and snatched from her hands the property about to be retained. On her consequent withdrawal, the creditors returned indiscriminately to the contest, and the question is, whether those who existed before 1849, against whom she had no rights, shall take the money, or whether they shall share it with those who would have been cut out, if the appellants had not stepped in. We decide for the former. However it might have been if the widow had remained inactive, it is plain to us that, as she had done what was necessary to establish her claim to the property in controversy, the creditors before 1849 ought not to be deprived of the rights which they acquired by their own vigilance; nor ought those since 1849, who, but for the appellants, would certainly have lost their entire claims, be allowed to make use of the promptness of their opponents to regain what was once thus clearly gone. It is something like the case of two execution creditors, one arising before, and the other after the exempting act, one prevailing over the defendant, and the other prevailed over by him. In the distribution of a fund thus raised by the sheriff, we can perceive no reasonable ground on which the older creditor can be deprived of the money by an interference of the younger, or in any other way than his own failure to claim to participate in the distribution. This was very much the case in Smith's Appeal, 11 *Harris* 310, in which the first effort was made to distinguish between the rights of creditors before and after the act. We are disposed to follow it. Let the appellants take the money.

> Decree reversed, and the fund in the accountants' hands awarded to the appellants, at the costs of the appellee.